**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRISTHIAN BRYAN ANASTACIO TORRES, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil A. No. 3:26-783 |
| | ) | Judge Nora Barry Fischer |
| WARDEN, MOSHANNON VALLEY PROCESSING CENTER, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Cristhian Bryan Anastacio Torres' Amended Petition for Writ of Habeas Corpus, (Docket No. 7), the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 11), and Petitioner's Reply, (Docket No. 12). Petitioner, a 30-year-old native of Ecuador, is currently detained at Moshannon Valley Processing Center. (Docket No. 7). He entered the United States without inspection in Lukeville, Arizona on August 1, 2023, was subsequently encountered by ICE agents, served with a Notice to Appear for removal proceedings and released on his own recognizance. (Docket Nos. 7-3; 7-4). He has resided in New Jersey since that time and has been gainfully employed without any criminal history. (Docket Nos. 7; 12).

Petitioner was arrested by ICE agents on March 15, 2026 in New Jersey. (Docket No. 5 at 6). He had a removal hearing before an IJ on April 30, 2026 at which time he was ordered removed from the United States and his claims for asylum and withholding of removal were denied. (Docket No. 7-6 at 2-5). Petitioner filed an appeal to the Board of Immigration Appeals and his appeal remains pending. (Docket No. 7-7). He has been detained without a bond hearing throughout his removal proceedings.

- 1 -

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket Nos. 7, 12).  In opposition, Respondents contend that this is a *Q. Li* case whereby Petitioner entered the United States without inspection, was detained without a warrant and released into the country and was later arrested in the interior of the United States.  (Docket No. 11 at 6).  Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and has not been afforded a bond hearing.  (*Id*.).  Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits.  (Docket No. 11).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized

---

[1]    *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]    *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]    *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 11th day of June, 2026,

IT IS HEREBY ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus [7] is GRANTED, IN PART and DENIED, IN PART.  Said Amended Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Amended Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record

cc:      Cristhian Bryan Anastacio Torres
         A#245-077-680
         Moshannon Valley Processing Center
         555 Geo Drive
         Philipsburg, PA 16866
         (via first class mail)